AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Naomi Johnson<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. *8:19-MJ-2464-T-AAS*

**19MJ04798**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 19-25, 2019_____ in the county of _____Polk_____ in the _____Middle_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) | conspiracy to distribute 50 grams or more of methamphetamine |

This criminal complaint is based on these facts:

See Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Tara Towe, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____11/5/19_____

_____
*Judge's signature*

City and state: _____Tampa, FL_____

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: Cathy Morgan
DEPUTY CLERK

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Tara Towe, a Special Agent with Homeland Security Investigations, being first duly sworn, depose and state as follows:

### I.      INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent ("SA") with Homeland Security Investigations ("HSI"), under the Department of Homeland Security, assigned to the Office of Investigations in Tampa, Florida.  I have been employed as a SA with HSI since 2007.  As part of my duties, I investigate potential violations of federal law, including 21 U.S.C. §§ 841 and 846 (drug trafficking offenses), 21 U.S.C. §§ 952 and 963 (drug importation offenses), and 18 U.S.C. §§ 1956 and 1957 (money laundering offenses).

2.      This affidavit is made in support of a criminal complaint charging Naomi Sam JOHNSON with conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii).

3.      To become a federal agent, I completed a twenty-six-week academy, which certified me as a criminal investigator.  I have experience and training in the investigation of crimes involving narcotics smuggling, money laundering, firearms, immigration, and other violations of law investigated by HSI.  I have been directly involved in federal investigations and have assisted other agents in conducting investigations, including but not limited to joint, interagency investigations.  In my experience, I have personally participated in multiple drug trafficking investigations and, among other things, have conducted or participated in surveillances, the execution of search warrants, controlled delivery transactions of narcotics, historical

investigations, reviewed recordings, interviewed witnesses, victims, and worked with cooperating individuals.

4.      Through this experience, I am familiar with narcotics traffickers' methods of operation, including techniques they commonly use to distribute, store, and transport narcotics, as well as to collect and launder proceeds of their narcotics trafficking activities.  I am also familiar with the coded language, or slang, narcotics buyers and sellers use to communicate about drug transactions.

5.      The facts in this affidavit are based on information from an investigation by HSI into methamphetamine distribution in Lakeland, Florida.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses.  Because this affidavit is intended to show merely that there is sufficient probable cause for the authorization of the criminal complaint, it does not set forth all of the facts known to law enforcement about this investigation.

## II.    **PROBABLE CAUSE**

6.      Beginning in at least August of 2018, HSI, as well as other federal, state, and local agencies, began an investigation into the trafficking of illegal narcotics, via the mail, into the Lakeland, Florida area.  During this investigation, agents have identified various suspects and addresses as shipping and receiving illegal narcotics via the U.S. mail.

***Parcel #1***

7.      Among these addresses was 2660 Hempstead Drive, Lakeland, Florida 33801. United States Postal Inspectors (USPI) initiated a "mail watch" for U.S. mail parcels being delivered to 2660 Hempstead Drive, Lakeland, Florida 33801.

8.      On or about April 19, 2019, USPI's received notification that a parcel bearing Priority Mail tracking number 9505513806179108103570 ("Parcel -570") was scheduled for delivery at 2660 Hempstead Drive, Lakeland, Florida 33801. On or about April 22, 2019, USPI's seized Parcel -570.

9.      On or about April 24, 2019, a United States Postal Service (USPS) representative received a call from phone number (323) 921-9741. The female caller identified herself as "Daisy Jones" and requested information related to the transit location of Parcel -570.

10.     On or about April 25, 2019, USPI's obtained a federal search warrant for Parcel -570. The ensuing search revealed approximately 1 pound, 15.6 ounces of a white crystal-like substance inside Parcel -570. A presumptive field test of the white crystal-like substance was positive for the presence of methamphetamine.

11.     Parcel -570 is addressed to "Calvin Jones, 2660 Hempstead Drive, Lakeland, Florida 33801." I used a law enforcement database to search public records for 2660 Hempstead Drive, Lakeland, Florida and was unable to find a record of anyone named "Calvin Jones" associated with the address.

12.     Parcel -570 bears a return address of "Daisy Jones, 907 N Willow Avenue, Compton, California 90211." I used a law enforcement database to search

3

public records for 907 North Willow Avenue, Compton, California, and was unable to find a record of anyone named "Daisy Jones" associated with this address.

13.     On April 25, 2019, HSI SA's conducted a controlled delivery of Parcel - 570 to 2660 Hempstead Drive, Lakeland, Florida. HSI SA's arrested the package recipient for violating 21 U.S.C. § 841(a)(1). The package recipient (hereinafter the "cooperating defendant" ("CD")) agreed to cooperate with law enforcement officers and be interviewed. The CD identified JOHNSON as a known methamphetamine distributor in Los Angeles, California and the shipper of the methamphetamine contained in Parcel -570. The CD additionally stated that JOHNSON purchased an American Airlines plane ticket for the CD in approximately April 2019 to facilitate the CD traveling to Los Angeles, California to meet with JOHNSON regarding narcotics distribution. HSI SA's subpoenaed American Airlines and received records indicating that JOHNSON purchased an airline ticket for the CD in February 2019 using phone number of (323) 921-9741. This is the same phone number used by "Daisy Jones" to call USPS on April 24, 2019, and request transit information related to Parcel -570.

*Parcel #2*

14.     On or about April 25, 2019, USPI's conducted a postal database search and ascertained that USPS Priority Mail parcel 9505514247519113312473 ("Parcel - 473), was scheduled for delivery to 3212 Julia Court, Lakeland, Florida 33810. USPI's seized this parcel and obtained a federal search warrant for the package. On or about May 3, 2019, USPI's and HSI SA's searched the parcel and found

4

approximately 3 pounds, 15.6 ounces of a white crystal-like substance. A

presumptive field test of the white crystal-like substance was positive for the presence

of methamphetamine.

15.     Parcel -473 is addressed to "Geneva Morrison, 3212 Julia Court,

Lakeland, Florida 33810." I used a law enforcement database to search public

records for 3212 Julia Court, Lakeland, Florida and was unable to find a record of

anyone named "Geneva Morrison" associated with the address.

16.     Parcel -473 bears a return address of "Daisy Brown, 907 N Willow

Avenue, Compton, California 90221." I used a law enforcement database to search

public records for 907 Willow Avenue, Compton, California. I was unable to find a

record of anyone named "Daisy Brown" associated with this address. Additionally,

the returnee and return address are the same as those listed on Parcel -570, which, as

described above, contained 1 pound, 15.6 pounds of methamphetamine sent by

JOHNSON.

17.     I know from training and experience that narcotics traffickers frequently

use fictitious names and addresses to avoid identification.

18.     On or about May 2, 2019, USPI's obtained a copy of the video

recording of Parcel -473 being dropped off for shipment at the USPS facility in

Lynwood, California on April 23, 2019. The individual captured on video dropping

off Parcel -473 was later identified by HSI SA's as JOHNSON.

19.     During an interview conducted with the CD, law enforcement officers

provided the CD with a still photograph from the video surveillance showing the

5

individual dropping off Parcel -473 at the USPS facility in Lynwood, California. The CD confirmed that the person in the photograph is JOHNSON.

20.     On or about May 29, 2019, HSI Tampa conducted a records search for telephone number (323) 921-9741 and obtained the following user/subscriber information:

> Naomi Sam JOHNSON
> Date of Birth: 01/14/1979
> DL: CA/B8493378
> 11718 S Central Ave
> Los Angeles, California 90059

### III.    CONCLUSION

Based on the above information, I respectfully submit that there is probable cause to believe that JOHNSON conspired to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). I therefore respectfully request that this Court authorize the requested criminal complaint.

_____
Tara Towe, Special Agent
Homeland Security Investigations

Subscribed and Sworn to before me
this _____ day of November, 2019, in Tampa, Florida.

_____
AMANDA A. SANSONE
United States Magistrate Judge

6